**135 Nev., Advance Opinion 5**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JENNIFER HENRY,<br>Petitioner,<br>vs.<br>NEVADA COMMISSION ON JUDICIAL DISCIPLINE,<br>Respondent. | No. 75675<br><br>FILED<br><br>FEB 28 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Original petition for a writ of prohibition challenging the jurisdiction of the Nevada Commission on Judicial Discipline.

*Petition denied.*

Law Office of Daniel Marks and Daniel Marks and Nicole M. Young, Las Vegas,
for Petitioner.

Sinai, Schroeder, Mooney, Boetsch, Bradley & Pace and Thomas C. Bradley, Reno,
for Respondent.

BEFORE GIBBONS, C.J., PICKERING, HARDESTY, PARRAGUIRRE and STIGLICH, JJ.[1]

_____

[1]The Honorable Elissa F. Cadish and the Honorable Abbi Silver did not participate in the decision of this matter.

## OPINION

PER CURIAM:

This petition for a writ of prohibition challenges the jurisdiction of the Nevada Commission on Judicial Discipline (the Commission). Jennifer Henry challenges the Commission's jurisdiction over her as a hearing master, arguing that NRS 1.428, the statute giving the Commission its purported jurisdiction over her, is unconstitutional. We hold that NRS 1.428 is constitutional and accordingly hearing masters are subject to the Commission's jurisdiction.

### FACTS AND PROCEDURAL HISTORY

Henry is a hearing master for the family courts in the Eighth Judicial District Court (EJDC) of Nevada. On October 10, 2016, Henry presided over a hearing in the juvenile court for EJDC, wherein she allegedly acted inappropriately. Four days later, Judge William Voy informed Henry that he had consulted with Presiding Judge Charles Hoskin and Chief Judge David Barker. Judge Voy had listened to the recording of the hearing, and the three determined that Henry's actions were improper. They administered a one-week suspension without pay. On October 10, 2017, the Commission filed a formal statement of charges for Henry's conduct. Henry is challenging the Commission's jurisdiction.

### DISCUSSION

The Nevada Constitution creates the Commission and provides a list of positions that the Commission covers. Nev. Const. art. 6, § 21(1). Henry's argument that the Commission does not have jurisdiction over her rests on the assertion that the Legislature improperly expanded the jurisdiction of the Commission by including hearing masters under the definition of a "judge" in NRS 1.428. The Nevada Constitution provides:

 

> [a] justice of the Supreme Court, a judge of the court of appeals, a district judge, a justice of the peace or a municipal judge may . . . be censured, retired, removed or otherwise disciplined by the Commission on Judicial Discipline.

Nev. Const. art. 6, § 21(1). The Nevada Legislature has enacted additional statutes related to the authority and jurisdiction of the Commission. *See* NRS 1.425-1.4695. NRS 1.440 gives the Commission jurisdiction over "judges." NRS 1.428 defines "judge" as including "[a]ny other officer [besides those specifically enumerated] of the Judicial Branch of this State, whether or not the officer is an attorney, who presides over judicial proceedings, including . . . a . . . special master or referee." Henry argues that this broad definition of judges improperly expanded the jurisdiction of whom the Commission has authority over beyond what is proscribed in the Nevada Constitution. Thus, she argues, NRS 1.428 is unconstitutional.

Henry admits that hearing masters and referees serve the same purpose, and accordingly, that she would be included in the definition of "judge" under NRS 1.428. However, she cites her original proposition—that referees would have needed to be included in the Constitution—to support her argument against the Commission's jurisdiction over her. The Commission, however, contends that there is authority in the Constitution for the Legislature to enact NRS 1.428. The Commission is correct.

The Nevada Constitution provides an enumerated list of positions that may be disciplined by the Commission. Nev. Const. art. 6, § 21(1). It further provides, in the district court section, that "[t]he legislature may provide by law for . . . Referees in district courts." *Id.* at § 6(2). We have previously held that multiple sections of the Nevada Constitution may be read in tandem to support the Legislature's authority to expand the jurisdiction of the Commission. *See In re Davis*, 113 Nev.

1204, 1213, 946 P.2d 1033, 1039 (1997). Before the Constitution was amended to include municipal court judges, a municipal court judge challenged the statute that gave the Commission its jurisdiction to discipline him in *Davis*. *Id.* at 1207-10, 946 P.2d at 1036-38. Specifically, the statute he challenged read, at the time, "[t]he Commission on judicial discipline has exclusive jurisdiction over the censure, removal and involuntary retirement of . . . judges of municipal courts." *Id.* at 1211, 946 P.2d at 1038 (emphasis omitted) (quoting NRS 1.440(1) (1977)). Although municipal court judges were not enumerated in the Constitution as subject to the Commission's jurisdiction, the Constitution provided that the Commission may "[e]xercise such further powers as the legislature may from time to time confer upon it." *Id.* at 1212, 946 P.2d at 1038 (quoting Nev. Const. art. 6, § 21(9)(d) (1993)). Thus, we held the statute did not unconstitutionally expand the Commission's jurisdiction because "it [was] apparent that the legislature was free to utilize the Commission as a medium for [removing a municipal court judge]." *Id.* at 1213, 946 P.2d at 1039.

We hold that NRS 1.428 is constitutional for similar reasons. Although hearing masters are not specifically enumerated in the Nevada Constitution, the Nevada Constitution still gives the Legislature authority to enact laws regarding referees in district courts. Since NRS 1.428 concerns referees in district courts, we conclude its enactment was constitutional. Furthermore, the Nevada Constitution still provides, as it did when we analyzed *Davis*, that the Commission may "[e]xercise such further powers as the Legislature may from time to time confer upon it." Nev. Const. art. 6, § 21(11)(d). The Legislature conferred powers over judicial officers outside of those named in Article 6, Section 21 when

enacting NRS 1.428. Thus, we conclude NRS 1.428 is constitutional and Henry falls under the purview of the Commission's jurisdiction.

Henry also argues that the Commission does not have jurisdiction over hearing masters because the Nevada Constitution intentionally limits the positions that are subject to the Commission's discipline. She asserts that the Commission's creation was intended to hold elected judges accountable to the public and that hearing masters are special in that they are held accountable in other ways. Specifically, she argues hearing masters are appointed and supervised by judges who are subject to judicial discipline by the Commission and that she is an at-will employee that may be disciplined by her employer. However, the only authority Henry cites to support her argument are statutes stating that hearing masters are supervised by justices/judges and caselaw providing that the Commission was created "to provide for a standardized system of judicial governance." *Ramsey v. City of N. Las Vegas*, 133 Nev. 96, 96, 392 P.3d 614, 616 (2017). We conclude these authorities support our conclusion because the Commission having jurisdiction over a multitude of judicial officers, including hearing masters under NRS 1.428, is consistent with having a standardized system of judicial governance. Therefore, Henry's argument is unpersuasive because the authorities cited are inapposite to her proposition that the Commission was not created with the intent to have jurisdiction over hearing masters.

## CONCLUSION

Henry makes a similar argument, regarding NRS 1.428, as the municipal court judge in *Davis*. However, we reject her argument and hold that NRS 1.428 is constitutional. Accordingly, the Commission is not acting outside of its jurisdiction here because it has the authority, by way of

statute, to discipline Henry. Thus, we deny Henry's petition for a writ of prohibition.[2]

_____, C. J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

[2]In light of this opinion, we vacate the stay of proceedings entered on May 24, 2018.

Supreme Court
of
Nevada

(O) 1947A